IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MATTIE GRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:18-CV-950-WKW-WC |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for consideration and disposition (Doc. 6, filed November 14, 2018). For good cause, it is the Recommendation of the Magistrate Judge that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B). [1]

## I.   INTRODUCTION

Plaintiff Mattie Grant ("Grant" or "Plaintiff") initiated this employment discrimination action on November 6, 2018. In her Complaint (Doc. 1, filed November 6, 2018), Grant seeks relief for actions that occurred with a potential employer, Alabama Department of Transportation ("ALDOT" or "Defendant"), in Montgomery, Alabama. Doc. 1 at 2. Grant avers that, between 1982 and 1986, she applied for multiple clerical

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

positions with ALDOT, and despite being qualified to hold said positions, she was denied employment due to her race and gender as a black female. Doc. 1 at 1–2. Grant seeks $20,000 per year in back pay spanning from 1982 through 1986.

## II.   DISCUSSION

Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge of discrimination on July 7, 2016, alleging that she was discriminated against based on race.[2] Doc. 1-1 at 7. The EEOC issued Plaintiff a "Dismissal and Notice of Rights" stating that the EEOC was closing its file on Plaintiff's charge because her "charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." Doc. 1-1 at 5.

Grant also attached a *Notice of Decertification of Class Action and Need to Take Action to Preserve Claims* ("Notice") sent in reference to *Reynolds v. Alabama Dept. of Transportation, et al.*, 2:85-cv-00665-MHT-WC. Doc. 1-1 at 1. The Notice stated, that as of March 19, 2015, this Court decertified the class action as to the "Hiring Class" that was filed against ALDOT in 1985. *Id.* "Plaintiffs filed the Reynolds lawsuit on May 21, 1985, on-behalf of themselves and other similarly situated African-Americans, claiming that Defendants had committed acts of race discrimination in employment since May 21, 1979, in violation of the Fourteenth Amendment to the U. S. Constitution, 42 U.S.C. § 2000e through 2000e-17 (commonly known as Title VII of the Civil Rights Act) and 42 U.S.C.

---

[2] The handwritten "Date" designation indicates that Grant signed and dated her EEOC Charge on May 5, 2016; however, the EEOC, Birmingham District Office stamped receipt designation shows that it was not received by the EEOC until July 7, 2016. Doc. 1-1 at 7.

§§ 1981, 1983." Doc. 1-1 at 2.  Grant filed her claim as a member of the Hiring Class.  Hiring Class members were notified that, following the decertification of the class, if they wished to file a lawsuit, they had 180 days to file a charge with the EEOC.  The class members were specifically warned that, if they failed to file an EEOC charge within the 180 days of receiving the Notice, they would be barred from filing their Title VII claim(s).  Doc. 1-1 at 3.  The Notice also noted that the applicable statutes of limitations were suspended during the pendency of the class certification; however, following the decertification, it began to run again as of March 19, 2015. *Id.*

To bring suit under Title VII, a plaintiff must file a civil action *within ninety days* of the receipt of the EEOC's Dismissal and Notice of Rights.[3]  42 U.S.C. § 2000e-5(f)(1) (if a charge filed with the Commission [. . .] is dismissed by the Commission [. . .], [the Commission] shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved [. . .].); *O'Donnell v. Punta Gorda HMA, LLC*, No. 2:10-cv-785-FtM-29SPC, 2011 WL 3168144, at *2 (M.D. Fla. Jul. 27, 2011) ("Under [ ] Title VII, a plaintiff must bring a suit within 90 days of receiving a right-to-sue letter from the EEOC [. . .]."). When the aggrieved party knows [the] EEOC has completed its

---

[3] If there has been no final decision by the EEOC, a plaintiff must file a civil action within 180 days after filing the EEOC charge.  42 U.S.C. § 2000e-5(f)(1).  An EEOC decision gives notice of final action if it provides "unambiguous notice that the EEOC has terminated its administrative processing of the charge." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 245 (5th Cir.1980).  Plaintiff does not argue that the EEOC failed to give her unambiguous notice that her charge was terminated; thus, the timeliness of Plaintiff's filing is judged by the 90-day requirement alone.

efforts, the time for suit has come and the statute fixes its season as 90 days." *Zambuto v. Am. Tel. & Tel. Co.,* 544 F.2d 1333, 1335 (5th Cir.1977).

Filing within the ninety-day period is a condition precedent subject to equitable tolling or waiver, rather than a jurisdictional bar. *Fouche v. Jekyll Island-State Park Auth.,* 713 F.2d 1518, 1525–26 (11th Cir. 1983). The Eleventh Circuit has recognized three distinct situations in which the limitation period may be equitably tolled: (1) during the pendency of an action against the same parties and involving the same cause of action in a state court which had jurisdiction over the subject matter of the suit but was the wrong forum under state law; (2) when the defendant concealed facts that support the plaintiff's cause of action, until such time as the plaintiff knew or should have known of these facts; and (3) when the EEOC misleads a complainant about the nature of her rights. *Jones v. Wynne*, 266 F. App'x 903, 906 (11th Cir. 2008) (citing *Chappell v. Emco Mach. Works Co.,* 601 F.2d 1295, 1302-03 (5th Cir. 1979)); *see also Mesidor v. Waste Mgmt., Inc. of Florida*, 606 Fed. App'x 934, 936 (11th Cir. 2015). Equitable tolling "is an extraordinary remedy which should be extended only sparingly." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004).

Here, Grant received notice regarding decertification of the class action effective March 19, 2015. Doc. 1-1 at 1–3. The notice clearly and unambiguously set forth the effects of the decertification and the requirements to file a EEOC charge within 180 days of the notice. *Id.* Grant failed to file her EEOC charge until July 7, 2016. Doc. 1-1 at 7. As a result, the EEOC closed the file due to it being untimely filed. Doc. 1-1 at 5. The EEOC mailed the Dismissal and Notice of Rights on July 19, 2017. Doc. 1-1 at 5. The

Dismissal and Notice of Rights clearly and unambiguously stated that Grant's "lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." *Id.* (emphasis in original). Grant filed the instant Complaint on November 6, 2018; approximately a year and four months (487 days) after the Dismissal and Notice of Rights was mailed. Plaintiff has failed to allege the EEOC misled her as to the nature of her rights, and the Court does not find any basis for such an allegation based on the clear and unambiguous language provided in the Dismissal and Notice of Rights.

Next, the Court is tasked with determining when Plaintiff had notice of her rights. The Eleventh Circuit has held that "statutory notification is complete only upon actual receipt of the right to sue letter." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (quoting *Franks v. Bowman Transp. Co.*, 495 F.2d 398, 404 (5th Cir. 1974), *rev'd on other grounds*, 424 U.S. 747 (1976)). However, the Circuit has "imposed upon complainants some 'minimum responsibility [. . .] for an orderly and expeditious resolution' of their claims, and we have expressed concern over enabling complainants to enjoy a 'manipulable open-ended time extension which could render the statutory minimum meaningless.'" *Id.* (quoting *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1340 (11th Cir. 1999) (citation omitted)). "[T]he 90-day limitations period is to be analyzed on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility [. . .] without conditioning a claimant's right to sue [. . .] on fortuitous circumstances or events beyond [her] control." *Id.* (citing *Zillyette*, 179 F.3d at 1340 (citation omitted)).

5

Here, Plaintiff claims that she "does not recall ever receiving" the Dismissal and Notice of Rights letter issued by the EEOC. Doc. 1 at 3. Notwithstanding the fact that Plaintiff obviously received the letter, since it is attached to her Complaint, the Plaintiff is essentially asserting that she is unsure of the date of receipt of the Dismissal and Notice of Rights letter. However, lack of knowledge of the exact date of receipt is not a justifiable reason for tolling in this Circuit, and courts have rejected similar arguments on multiple occasions. *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002) (determining that plaintiff failed to satisfy the burden of a timely filing when plaintiff did not know exact date that his right-to-sue letter was received at his home address and plaintiff filed his complaint on the ninety-seventh day); *Martinez v. United States Sugar Corp.*, 880 F. Supp. 773, 777 (M.D. Fla. 1995), *aff'd* 77 F.3d 497 (11th Cir. 1996) (determining that plaintiff failed to satisfy the burden of a timely filing when plaintiff could not remember the date on which he received the right-to-sue letter and plaintiff filed his complaint on the ninety-fifth day); *Bell v. Eagle Motor Lines,* 693 F.2d 1086, 1087 (11th Cir. 1982) (finding ninety-day period for filing suit began to run when plaintiff's wife received the letter at their shared place of residence).

Further, when the date of receipt of the Dismissal and Notice of Rights is in dispute, "this court has applied a presumption of three days for receipt by mail, akin to the time period established in Fed. R. Civ. P. 6(e)." *Kerr*, 427 F.3d at 953 n.9 (citing *Zillyette*, 179 F.3d at 1342). Thus, even if the undersigned were to accept Plaintiff's excuse concerning notice, the three-day presumption of receipt would apply, setting the presumption of receipt on July 22, 2017. Plaintiff had until October 20, 2017, to file her Title VII action in this

Court.  Instead, Plaintiff did not file her Complaint in this Court until November 6, 2018, over a year (382 days) past the 90-day limitation period.

Because Plaintiff filed her Title VII claim out of time without excuse, dismissal of Plaintiff's Title VII claim is appropriate.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED pursuant to 28 U.S.C. 1915(e)(2)(b)(ii).

It is further

ORDERED that on or before **April 29, 2019**, Plaintiff may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 15th day of April 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE